UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TRACEY TRAHAN ET AL                CASE NO.  6:20-CV-01004

VERSUS                             JUDGE JUNEAU

TECHE TOWING INC ET AL             MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand and Motion for Attorney's Fees. (Rec. Doc. 6). Defendant, Teche Towing, Inc., opposed the Motion (Rec. Doc. 15. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' Motion to Remand be GRANTED and Motion for Attorney's Fees be DENIED.

## Factual Background

Plaintiffs, Tracey Trahan and Puky's Seafood, LLC, filed this suit after the vessel Trahan was captaining, *F/V Captain Anthony Puky Trahan*, allided with a dredge pipe in the Gulf of Mexico in February 2018. (Rec. Doc. 1-2). Pursuant to general maritime law and the §1333 saving to suitors clause, Plaintiffs filed suit in Louisiana state court against Teche Towing, Inc. as the owner/operator of the *M/V*

*Jax*, which was tending the dredge pipe, and Manson Construction Co., the project manager. (Rec. Doc. 1-2). Teche Towing removed the case to this Court asserting original jurisdiction on the grounds of admiralty/maritime jurisdiction under 28 U.S.C. §1333. (Rec. Doc. 1). It is undisputed that the parties are not diverse in citizenship.[1]

Plaintiff filed the instant Motion to Remand on the grounds that 28 U.S.C. §1441 does not permit removal of a suit brought pursuant to the saving to suitors clause of §1333. The parties raise contrary, though equally plausible, interpretations of §1441(a), necessitating a detailed look into the statute's history and interpreting jurisprudence.

## Law and Analysis

### I.    Whether remand is warranted under §1441.

On a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The federal removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of

---

[1]    Trahan is a Louisiana resident, and Puky's is a Louisiana limited liability company whose members are Louisiana residents. (Rec. Doc. 1-2, p. 1). Teche Towing is a Louisiana corporation with its principal place of business in Louisiana. (Rec. Doc. 1-2, ¶1; Rec. Doc. 5). Manson Construction is alleged to be a foreign corporation with its principal place of business in Louisiana.

a case properly before it and thereby implicates important federalism concerns."

*Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Any doubts

regarding whether removal jurisdiction is proper should be resolved against federal

jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

At the heart of this dispute is 28 U.S.C. §1441, which states in pertinent part:

(a) Generally.—Except as otherwise expressly provided by Act of
Congress, any civil action brought in a State court of which the district
courts of the United States have original jurisdiction, may be removed
by the defendant or the defendants, to the district court of the United
States for the district and division embracing the place where such
action is pending.

(b) Removal based on diversity of citizenship.—

(1) In determining whether a civil action is removable on the basis of the
jurisdiction under section 1332(a) of this title, the citizenship of
defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the
jurisdiction under section 1332(a) of this title may not be removed if
any of the parties in interest properly joined and served as defendants
is a citizen of the State in which such action is brought.

Federal courts have original jurisdiction over claims arising under the laws or

Constitution of the United States. 28 U.S.C. §1331. Federal courts have original

jurisdiction over claims involving diverse parties and an amount in dispute

exceeding $75,000. 28 U.S.C. §1332. Federal courts also have original jurisdiction

over admiralty and maritime claims, "saving to suitors in all cases all other remedies

to which they are otherwise entitled." 28 U.S.C. §1333(1). The Fifth Circuit has

interpreted this latter "saving to suitors" clause to mean that no such original jurisdiction exists over maritime cases brought in state court. *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 219 (5th Cir. 2013), citing *In re Dutile,* 935 F.2d 61, 63 (5th Cir.1991). Rather, according to *Barker* and *Dutile*, saving to suitors suits are removable only upon other jurisdictional grounds, such as diversity of citizenship. *Id.* At first glance, this would seem to resolve the issue, because, absent diversity, this is a saving to suitors case brought in state court which is, by the foregoing analysis, non-removable. However, the crux of Defendants' argument is that the foregoing rule is untenable in light of Congress's 2011 amendment to §1441 and the absence of definitive Fifth Circuit precedent on the issue.

Prior to 2011, §1441(a) stated:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Defendants argue in opposition to remand that the 2011 amendment to §1441 dispensed with the need to analyze citizenship in all original jurisdiction claims,

including §1333(a) admiralty and maritime claims, rendering saving to suitors cases freely removable. Their position is supported by some district court cases. See e.g. *Ryan v. Hercules Offshore, Inc.,* 945 F. Supp. 2d 772, 777 (S.D. Tex. 2013) (Miller, J.); *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.,* 2014 WL 2739309, *2 (S.D.Tex. June 17, 2014) (Atlas, J.), remanded on other grounds on reconsideration, 2014 WL 4167807 (S.D.Tex. Aug.20, 2014); *Provost v. Offshore Service Vessels, LLC,* 2014 WL 2515412, *3 (M.D.La. June 4, 2014) (Dick, J.); *Garza v. Phillips 66 Company,* 2014 WL 1330547, *4 (M.D.La. April 1, 2014) (Dick, J.); *Carrigan v. M/V AMC AMBASSADOR,* 2014 WL 358353, *2 (S.D.Tex. Jan.31, 2014) (Werlein, J.); *Bridges v. Phillips 66 Co.,* 2013 WL 6092803, *5 (M.D.La. Nov.19, 2013) (Brady, J.); *Wells v. Abe's Boat Rentals Inc.,* 2013 WL 3110322, *3 (S.D.Tex. June 18, 2013) (Rosenthal, J.).

Plaintiffs submit, contrarily, that the 2011 amendment did not alter the requirement for an independent basis of jurisdiction, such as diversity, in admiralty and maritime claims. Their position likewise finds support in the jurisprudence. See e.g. *Parish v. Exxon Mobile Corp.,* No. CIV.A. 13-6717, 2015 WL 4097111 (E.D. La. July 7, 2015) (Brown, J.); *Bingham v. Haynes*, No. CV 17-1694-SDD-RLB, 2018 WL 2124898, at *3 (M.D. La. Feb. 28, 2018), *report and recommendation adopted,* No. CV 17-1694-SDD-RLB, 2018 WL 2125941 (M.D. La. May 8, 2018) (Dick, J.); *Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809 (M.D. La.

5

2015) (DeGravelle, J.); *Gregoire v. Enter. Marine Services, LLC*, 38 F. Supp. 3d 749, 754 (E.D. La. Aug. 6, 2014) (Duval, J.).

The Fifth Circuit has recognized the disagreement among district courts and acknowledged its own lack of precedent on the issue. *Riverside Const. Co. v. Entergy Mississippi, Inc.,* 626 F. App'x 443, 447 (5th Cir. 2015), *as revised* (Oct. 16, 2015), citing cases. Nonetheless, even after the 2011 amendment, the court seemed to maintain its pre-2011 position that saving to suitors cases filed in state court are non-removable absent an alternative basis of jurisdiction. See *Barker*, citing *Dutile, supra*.

Notably, the district judge who authored the often-cited *Ryan, supra,* opinion for the proposition that the 2011 amendments rendered saving clause cases removable, has since re-examined the issue in light of subsequent caselaw development, legal commentary, and scholarly analysis. In *Sanders v. Cambrian Consultants*, Judge Miller departed from his earlier opinion in *Ryan* and held that remand in a saving to suitors case was proper, despite arguments based upon the effect of the 2011 amendment. *Sanders v. Cambrian Consultants (CC) Am., Inc.,* 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015). Other courts have followed suit. Compare e.g. *Provost*, *Garza*, and *Bingham*, all *supra*.

This Court agrees with those cases which have found that §1441(a) as amended does not change the non-removable nature of saving to suitor cases absent

6

some other basis for jurisdiction, such as diversity. The prior version of the statute rendered §1331 (federal question) claims removable without regard to diversity, while other original jurisdiction actions, including §1332 diversity claims and §1333 admiralty/maritime claims were removable, subject to the "home-state-defendant rule" – that no defendant be a citizen of the state in which the action was brought. The current version of §1441 treats all original jurisdiction claims (§§1331, 1332, 1333, *et seq*) as removable  under §1441(a) and, in §1441(b) sets forth a separate provision specifically for §1332 diversity claims addressing the citizenship of fictitious defendants and the home-state-defendant rule. In this Court's view, §1441(a) did nothing to change the well-established rule of §1333(1) that saving to suitors cases filed in state court are not, in and of themselves, removable. §1333 is a jurisdictional rule; §1441 is a procedural rule applicable to cases falling within federal court jurisdiction. The "home-state-defendant" rule now set forth in §1441(b) is not a rule of jurisdiction. By relying upon Congress's removal of the "home-state-defendant" rule from the general provision of §1441(a), Defendants conflate the essence of diversity jurisdiction (that all parties be citizens of different states) with the ancillary home-state-defendant rule that a case filed in a defendant's home state may not be removed. These rules are distinct; the presence or absence of one cannot be interpreted as producing the same effect intended of the other.

Congress's "clarification" of a procedural rule should not affect the interpretation of a jurisdictional rule absent an express intent to do so. See *Barker,* 713 F.3d at 223, classifying Congress's 2011 act as a "clarification," rather than an amendment. To hold otherwise would be to upend centuries' worth of established maritime jurisdictional principles. As one court aptly noted: "If Congress had intended to open federal courts to a new class of cases that had been historically excluded, 'we can hardly suppose that it would have failed to use some appropriate language to express that intention.'" *Parish,* 2015 WL 4097111, at *19, quoting *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107 (1941). Accordingly, the Court finds that the current version of §1441 did not dispense with the removing party's burden to prove an independent basis for federal jurisdiction in saving to suitors cases. Absent an alternative basis for federal jurisdiction here, the case should be remanded.

## II.   Whether an award of attorneys' fees is warranted.

Plaintiffs further seek an award of costs and attorney's fees for Defendants' improper removal. An order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. §1447(c). In determining the propriety of awarding attorney's fees for wrongful removal, the court should not consider the defendant's motive for removing a case. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000).

8

"[T]he district court may award fees even if removal is made in subjective good faith." *Id*. The Fifth Circuit further instructed:

> The application of §1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper. The propriety of the defendant's removal continues to be central in determining whether to impose fees. … In other words, the question we consider in applying §1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.

*Id*. at 293. (quotations and citations omitted).

The Court finds that Defendants had objectively reasonable grounds to believe the removal was legally proper. As discussed above, sound jurisprudence supports Defendants' position that removal was proper, though other jurisprudence also supports Plaintiffs' position. In light of the split among the district courts and the lack of definitive Fifth Circuit precedent, the Court finds that Plaintiff's Motion for Attorney's Fees should be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand be GRANTED and Motion for Attorney's Fees be DENIED. This matter should be remanded back to the 16th Judicial District Court in St. Mary Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of October, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE